OPINION OF THE COURT
Joseph Slavin, J.
Defendant moves to dismiss the indictment on the ground that subdivision (1) of section 265.02 of the Penal Law is unconstitutionally vague, denies him equal protection of the law, and violates his constitutional right to due process of the law in that it fails to provide an opportunity to contest the constitutionality of his previous conviction.
Defendant has been indicted for criminal possession of a weapon in the third degree (three counts) and reckless endangerment in the second degree. The indictment charges defendant with possession as a felony rather than a misdemeanor because of a prior conviction. On December 18, 1979 the District Attorney filed an information alleging that the defendant had been convicted on July 11, 1967 for the crime of possession of policy slips. Defendant attempts to collaterally attack the predicate conviction by claiming that it was obtained in violation of his right to trial by jury.
In considering constitutional attacks the court is guided by the principle that courts of original jurisdiction should not set aside a statute as unconstitutional unless that conclusion is inescapable (Matter of Van Berkel v Power, 16 NY2d 37; Matter of Ahern v South Buffalo Ry. Co., 303 NY 545, affd sub *74 nom. South Buffalo Ry. Co. v Ahern, 344 US 367; People v Estrada, 80 Misc 2d 608).
As the court stated in People v Pagnotta (25 NY2d 333, 337), "There is a strong presumption that a statute duly enacted by the Legislature is constitutional. Indeed, we have held that in order to declare a law unconstitutional, the invalidity of the law must be demonstrated beyond a reasonable doubt.”
Subdivision (1) of section 265.02 of the Penal Law reads as follows: "A person is guilty of criminal possession of a weapon in the third degree when: (1) He commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three or five of section 265.01, and has been previously convicted of any crime”.
Defendant claims that the words "any crime” are vague because of the failure of the statute to specify "whether such crime is defined by the present New York Penal Law, the criminal statutes of New York at the time of conviction, or, if such prior conviction was not in New York, the present statutes of the foreign jurisdiction or at the time of the conviction, nor does the statute state whether or not there is any time limit on such prior convictions” (sic).
It is well settled that due process of law "prohibits the States from holding an individual 'criminally responsible for conduct which he could not reasonably understand to be proscribed’ (United States v. Harriss, 347 U. S. 612, 617)” (Rose v Locke, 423 US 48, 49). The court in Papachristou v City of Jacksonville (405 US 156, 162) stated that a statute is unconstitutionally vague if, "it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute,’ (United States v. Harriss, 347 U. S. 612, 617)”. The court in Matter of Pomeroy v Whalen (44 NY2d 992, 994) stated the rule as follows: "[t]he test is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him”.
This court further notes that "the quest for definiteness does not preclude the Legislature from using ordinary terms to express ideas that find adequate interpretation in everyday usage and understanding” (People v Illardo, 48 NY2d 408, 414).
It is also well established that "a court may only consider a vagueness challenge on the facts of the case before it” (United *75 States v Ocegueda, 564 F2d 1363, 1365; see, also, United States v Parness, 503 F2d 430).
Applying these tests to the defendant herein, the court finds that the defendant, allegedly having been convicted in 1967 for the crime of criminal possession of policy slips, knew that he had been convicted of "any crime”. The phrase is clear and unambiguous and is not modified by any phrase (Lewis v United States, 445 US 55). The phrase "any crime” means any crime no matter where, when or how committed, and needs no judicial interpretation. Under the Penal Law, both former and present possession of policy slips is a crime (former Penal Law, § 975; Penal Law, § 225.30). The phrase is clear as it affects this defendant.
Defendant further claims that the statute denies him equal protection of the law in that "There is no rational basis to distinguish between persons who have been previously convicted of any crime and those who have not”. Further, defendant claims that the statute is void because it does not provide an opportunity to challenge the constitutionality of the previous conviction.
 Both of these arguments were recently rejected by the court in Lewis v United States (supra).
In Lewis v United States (supra), defendant was convicted under subdivision (a) of section 1202 of title 18 of the United States Code (Appendix), which makes it a crime for a person convicted of a felony to possess any firearm which was transported in interstate commerce. In 1977 Lewis was arrested for possession of a firearm and charged with a violation of that section. He was charged under that section because had been previously convicted in Florida in 1961 of breaking and entering (a felony under Florida law at the time of commission). Lewis claimed that there was no rational basis to distinguish between convicted felons and nonconvicted felons. He further argued that since the Florida conviction was unconstitutionally obtained, in violation of his right to counsel (Gideon v Wainwright, 372 US 335), it could not be used as a basis for his prosecution under the statute. Lewis sought to attack his Florida conviction but was prohibited from doing so by the Trial Judge. A divided Court of Appeals affirmed Lewis’ conviction. The United States Supreme Court granted certiorari because of a conflict between the different Circuit Courts of Appeals on this issue.
In addressing the equal protection argument, the court *76 in Lewis (445 US 55, 66, supra) stated: "Congress could rationally conclude that any felony conviction, even an allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm.” Similarly, our Legislature may rationally conclude that a person who has been convicted of "any crime” should be prohibited from possessing a gun. Nor does the fact that the conviction of a crime raises the punishment violate the equal protection of the law (Graham v West Virginia, 224 US 616; People v Parker, 41 NY2d 21; People v Gowasky, 244 NY 451).
The court in Lewis (supra), also rejected the claim that the failure to provide a method for challenging the constitutionality of the previous conviction rendered the statute unconstitutional. The court stated (p 67): "Again, it is important to note that a convicted felon may challenge the validity of a prior conviction, or otherwise remove his disability, before obtaining a firearm. We simply hold today that the ñrearms prosecution does not open the predicate conviction to a new form of collateral attack” (emphasis supplied). New York CPL 440.10 provides defendant with a forum, before obtaining a firearm, under which he may obtain relief from a prior unconstitutionally obtained conviction. The defendant did not utilize the remedy provided him under New York law.
The court finds that defendant has failed to prove the unconstitutionality of the statute beyond a reasonable doubt. Defendant’s motion to dismiss the indictment is denied in all respects.