**Victor NICKOLAS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–367/543.**

Court of Appeals of Alaska.

Oct. 19, 1984.

Fleur L. Roberts, Law Office of Dick L. Madson, Fairbanks, for appellant.

Joshua Berger, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Victor Nickolas was convicted, based upon his plea of no contest, of importation of alcohol, AS 04.11.496(b),[1] a class A misdemeanor. AS 04.16.200(e).[2] Judge Gerald J. Van Hoomissen sentenced Nickolas to serve eight months in jail and to pay a fine of $1,000. Nickolas appeals this sentence to this court. We reverse.

Nickolas is an air taxi operator. He flew passengers who had alcoholic beverages in their baggage into Kaltag, a village where

---

1. AS 04.11.496 provides in pertinent part:
   *Prohibition of sale and importation of alcoholic beverages.*
   (a) The following question, appearing alone, may be placed before the voters of a municipality or an established village in accordance with AS 04.11.502: "Shall the sale and importation of alcoholic beverages be prohibited in ..... (name of municipality or village)? (yes or no)".

   (b) If a majority of the voters vote "yes" on the question set out in (a) of this section, a person, beginning on the first day of the month following certification of the results of the election, may not knowingly send, transport, or bring an alcoholic beverage into the municipality or established village ....

2. AS 04.16.200(e) provides:
   (e) A person who sends, transports, or brings alcoholic beverages into a municipality or established village in violation of AS 04.11.-496 is, upon conviction,
   (1) guilty of a class A misdemeanor if the quantity imported is less than 12 liters of distilled spirits, 24 liters of wine, or 45 liters of malt beverages; or
   (2) guilty of a class C felony if the quantity imported is 12 liters or more of distilled spirits, 24 liters or more of wine, or 45 liters or more of malt beverages.

importation of alcoholic beverages is unlawful. The amount of alcoholic beverages involved is unclear, but Nickolas admits to being aware that his passengers were bringing in at least a case of beer.[3]

Nickolas has no prior criminal record. It is uncontested that the alcoholic beverages belonged to the passengers and not to Nickolas. Judge Van Hoomissen found that there was no evidence which would suggest that Nickolas was involved in taking alcoholic beverages into Kaltag himself and selling the alcoholic beverages as part of a bootlegging operation.

A state trooper testified at the sentencing hearing that he had warned Nickolas in April or May of 1983 that Kaltag was a dry village and that Nickolas could not fly alcoholic beverages into Kaltag. Nickolas' offense took place on July 15, 1983. Nickolas testified at sentencing that after he had talked to the trooper, the Kaltag City Clerk told him that it was legal to bring alcoholic beverages into Kaltag. In his sentencing remarks Judge Van Hoomissen stated that although he had some difficulty believing that Nickolas did not know that Kaltag was a dry village, he would give him the benefit of the doubt. However, Judge Van Hoomissen emphasized the problems which the consumption of alcoholic beverages can create in imposing sentence.

In *Harrison v. State*, 687 P.2d 332 (Alaska App.1984), we indicated our awareness of the problems created by the consumption and abuse of alcoholic beverages. In that case we relied on that evidence to uphold the local option law against several constitutional attacks. It also seems clear that the importation of alcohol into a dry village in violation of a local option law could support the imposition of a substantial sentence. *See Hampton v. State*, 623 P.2d 318 (Alaska 1981) (sentence of 365 days with 180 days suspended and a $2,500 fine with $1,500 suspended for sale of liquor in violation of local dry option law was not clearly mistaken). *See also* AS 04.16.200(e)(2). However, given Judge Van Hoomissen's acceptance of Nickolas' assertion that he did not know that Kaltag was a dry village, we do not believe that it was appropriate for the court to impose a jail sentence in this case. We note that Nickolas has no prior record and there is no indication that he was involved in any way in the sale or even the transfer of any alcoholic beverages. We have also considered the language which the supreme court used in *Leuch v. State*, 633 P.2d 1006, 1013–14 (Alaska 1981) in discussing the proper disposition of cases involving first felony offenders convicted of property crimes:

> [W]e think that where an offense is against only property, involving no physical threats or violence; where it is the offender's first felony conviction; and where there is no background of unsuccessful paroles or probations which would indicate that probation is unsuitable to protect the public, to deter the offender, and to further his rehabilitative progress, probation, coupled with restitution, is the appropriate sentence unless other factors militate against it. Naturally, this is not to be construed as a hard and fast rule. [Footnotes omitted.]

The instant case involves a misdemeanor offense. The crime does not involve physical threats or violence. The offender has no record of prior convictions and the court found that his violation of the law was not intentional. We conclude that a jail sentence for this offense would not be appropriate. We accordingly find that the sentence which the court imposed was clearly mistaken. We order the court on remand to impose a sentence not greater than a fine of $1,000 and a suspended sentence of sixty days imprisonment.[4]

---

**3.** The state apparently, at least originally, believed that more alcoholic beverages were involved since Nickolas was first charged with a class C felony for importing twelve liters of distilled spirits. However, the state later reduced the charge to a misdemeanor. The record does not indicate the quantity of alcoholic beverages involved.

**4.** Judge Singleton agrees that the rule enunciated in *Leuch* which recommends probationary sentences for certain offenders convicted of

The sentence is REVERSED and RE-MANDED.

property offenses should also apply to drug and alcohol offenses. *Leuch* might therefore support probation for a first offender convicted of a noncommercial drug or alcohol offense in the absence of aggravating factors on this assumption. The trial court's fact findings would seem to require a probationary sentence for Nickolas.

However, Judge Singleton reads *Leuch* as permitting a sentence of sixty days or less as a probationary sentence. *Leuch,* 633 P.2d at 1014 n. 22. He would therefore reduce Nickolas' sentence to a jail sentence of sixty days and a $1,000 fine.