Richard W. **CLARK**, Appellant,

v.

**STATE of Alaska**, Appellee.

Nos. A–1071, A–1692.

Court of Appeals of Alaska.

July 10, 1987.

Mary P. Treiber, Asst. Public Defender, Barrow, and Dana Fabe, Public Defender, Anchorage, for appellant.

James V. Gould, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Ronald W. Lorensen, Acting Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Richard W. Clark was convicted of first-degree misconduct involving weapons. AS 11.61.200(a)(1). He was charged with knowingly possessing a concealable firearm after having been convicted of a felony. The felony conviction underlying the felon in possession charge, possession of marijuana for purposes of sale, was on appeal to this court when the felon in possession charge arose. At trial, Clark contended that he had been misinformed about his legal status while his appeal was pending. Clark asked the court to find that he had acted under a reasonable mistake of law. The trial court denied Clark's defense and Clark was convicted at trial. Later, this court reversed the possession of marijuana for purposes of sale conviction on the ground that it was based on evidence obtained as a result of an unconstitutional search. *Clark v. State*, 704 P.2d 799 (Alaska App. 1985). Following this decision, the state dismissed the possession of marijuana for purposes of sale charge. Clark then made a motion for post-conviction relief on the felon in possession of a firearm charge. He urged that the statute should be interpreted to require that the underlying conviction be a valid one and that basing the felon in possession charge on a constitutionally unsound conviction violated due process. The trial court denied this motion. Clark challenges these rulings on appeal. We affirm.

## MISTAKE OF LAW DEFENSE

Mistake of law is an affirmative defense which the defendant must prove to the court by a preponderance of the evidence. *Ostrosky v. State*, 704 P.2d 786, 792 (Alaska App.1985).[1] The defense is established where the defendant shows that he or she acted in the belief the charged conduct did not violate the law and that this belief arose from reasonable reliance upon an official statement of the law. *Id.* at 789–90. Generally, the official statement of law upon which the defendant relies must be a statute, judicial decision, administrative order or grant of permission, or "an official interpretation of the public officer or body charged by law with responsibility for the interpretation, administration or enforcement of the law defining the offense." *Id.* at 790 (*quoting Model Penal Code* § 2.04(3)(b) (Proposed Official Draft 1962)).

Clark contends that he was misled by the order describing the conditions of his release while his initial conviction was being appealed. After Clark was convicted of the initial felony, he was placed on a suspended imposition of sentence for three years. One of the conditions of probation prohibited Clark from possessing a concealed weapon. However, when Clark was released pending appeal, it was under the same conditions as his pre-trial release on bail. Those conditions made no mention of weapons or their possession.

Clark testified that he understood that he could not possess firearms while on probation following his initial conviction. However, Clark stated that he believed that when he was released pending his appeal his conviction was not final and that he was only subject to his original bail conditions. Clark testified that he believed this based on the written order returning him to his prior bail conditions pending appeal and because his parole officer, James Whittington, told him he was not on probation while his case was being appealed.

Whittington testified that he told Clark that Clark was not under his supervision and was not required to report to him while Clark's appeal was pending. Whittington testified that he did not specifically recall exactly what he told Clark but, when questioned on cross-examination, stated that it was possible that he might have told Clark that a conviction is "held in suspension pending appeal."

The defense of mistake of law is a very limited defense. In *Ostrosky* we stated:

> [W]e believe that the defense of reasonable mistake of law must be a limited defense in light of the fact that the general rule of law is that mistake of law is not a defense. The policy behind this rule is to encourage people to learn and know the law; a contrary rule would reward intentional ignorance of the law. The traditional rule of law that mistake of law is not a defense is based upon the fear "that its absence would encourage and reward public ignorance of the law to the detriment of our organized legal system, and would encourage universal pleas of ignorance of the law that would constantly pose confusing and, to a great extent, insolvable issues of fact to juries and judges, thereby bogging down our adjudicative system."

704 P.2d at 791 (Citation omitted). In essence, Clark's claim of mistake of law amounts only to his personal belief that he was not convicted for purposes of the felon in possession statute while his case was on appeal. This is far from the type of claim where a reasonable mistake of law constitutes a defense. We accordingly affirm Judge Jeffery's decision rejecting Clark's claim of mistake of law.

### PROPRIETY OF BASING FELON IN POSSESSION CHARGE ON SUBSEQUENTLY REVERSED CONVICTION

Alaska Statute 11.61.200 provides:

1. On appeal, Clark incorrectly contends that the trial court erred in denying his request for a jury instruction on the mistake of law defense. The determination of whether the mistake of law defense applies is a question strictly for the court. *Ostrosky*, 704 P.2d at 792. Therefore, Clark is mistaken in his contention that the trial court erred in refusing to instruct the jury on this defense. We will, however, address the merits of Clark's mistake of law claim.

*Misconduct involving weapons in the first degree.* (a) A person commits the crime of misconduct involving weapons in the first degree if the person

(1) knowingly possesses a firearm capable of being concealed on one's person after having been convicted of a felony by a court of this state, a court of the United States, or a court of another state or territory.

Apparently, Clark is contending that AS 11.61.200(a)(1) is ambiguous concerning whether he can be convicted under this statute when his former conviction was later reversed on appeal. He implicitly argues that the rule of lenity and the principle of statutory construction that criminal statutes are to be strictly construed against the government, require us to rule that his felon in possession conviction must be reversed when his original conviction is reversed on appeal. *See State v. Andrews,* 707 P.2d 900, 907 (Alaska App.1985), *aff'd,* 723 P.2d 85 (Alaska 1986).

In *Berg v. State,* 711 P.2d 553 (Alaska App.1985), we held that a person could be convicted for being a felon in possession of a firearm when the former conviction was on appeal. In *Berg,* we did not decide whether a conviction for felon in possession of a firearm would stand when the former conviction, which was on appeal, was later reversed. We noted that there was a split of authority on this issue. *Id.* at 555.

Clark bases his argument, in part, on the decision in *State v. Gore,* 101 Wash.2d 481, 681 P.2d 227 (1984). In that case, Gore was charged with possessing a firearm after having been convicted of a crime of violence. After Gore pled guilty to the weapons charge, the underlying conviction was reversed for insufficient evidence. *Id.,* 681 P.2d at 229. The Washington Supreme Court reversed the firearms conviction. *Id.* at 232.

The court in *Gore* viewed the relevant statute, Wash.Rev.Code § 9.41.040, as ambiguous. The court found that the statute could be interpreted to allow either any conviction or only a constitutionally valid conviction to serve as a basis for the felon in possession charge. 681 P.2d at 230.

Relying on the rule of lenity, the court construed the statute strictly against the state and adopted the latter interpretation. *Id.* at 230–31. *See also State v. Winkelman,* 2 Ohio App.3d 465, 442 N.E.2d 811 (1981) (possession conviction could not be based on indictment dismissed or of which defendant was acquitted prior to the felon in possession trial); *People v. Quintana,* 707 P.2d 355 (Colo.1985); *State v. Duke,* 205 Kan. 37, 468 P.2d 132 (1970); *State v. King,* 383 N.W.2d 854 (S.D.1986).

The state relies on *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). In *Lewis,* the United States Supreme Court rejected arguments similar to those presented in *Gore.* Lewis was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 1202(a). In *Lewis,* the court held that the plain language of the felon in possession statute applied to any person who " 'has been convicted by a court of the United States or a State ... of a felony.' " *Id.* at 60, 100 S.Ct. at 918, quoting 18 U.S.C. 1202(a)(1). In *Lewis,* the defendant's former conviction was assumed to be constitutionally infirm because it had been obtained without the aid of counsel. 445 U.S. at 57–58, 100 S.Ct. at 916–17. The court concluded that nothing on the face of the statute suggested a congressional intent to limit the coverage of the statute to persons whose convictions were not subject to collateral attack. *Id.* at 60, 100 S.Ct. at 918. In interpreting the statute, the court pointed out that the statute provided for ways in which a convicted felon could challenge the validity of a prior conviction or otherwise remove any disability before obtaining a firearm. *Id.* at 64–65, 100 S.Ct. at 920–21. The court in *Lewis* also concluded that it did not violate the due process clause of the United States Constitution to allow a felon in possession charge to be based upon a constitutionally infirm prior conviction. *Id.* at 5–68, 100 S.Ct. at 920–22. The majority of the state courts appear to follow the result which the court reached in *Lewis. See Reynolds v. State,* 18 Ark.App. 193, 712 S.W.2d 329 (1986); *People v. Harty,* 173 Cal.App.3d 493, 219

Cal.Rptr. 85 (1985); *State v. Williams,* 392 So.2d 448 (La.1980); *People v. Cornish,* 104 Misc.2d 72, 427 N.Y.S.2d 564 (N.Y.App. Div.1980); *Small v. State,* 623 P.2d 1200 (Wyo.1981); (can not raise collateral attack on prior conviction as defense to felon in possession charge).

 We believe that the issue in this case is strictly one of statutory interpretation. We find the reasoning in *Lewis* to be persuasive. Alaska Statute 11.61.200(a)(1) appears to apply to all persons who have been convicted of a felony. Alaska Statute 11.61.200(b)(1)-(3) provides that it is an affirmative defense to a prosecution under AS 11.61.200(a)(1) that:

> (1) the person convicted of the prior offense on which the action is based received a pardon for that conviction;

> (2) the underlying conviction upon which the action is based has been set aside under AS 12.55.085 or as a result of post-conviction proceedings; or

> (3) a period of five years or more has elapsed between the date of the person's unconditional discharge on the prior offense and the date of the possession, sale, or transfer of the firearm.

Since the affirmative defenses are expressed in the past tense, it appears to us that these affirmative defenses arise only when the actions therein described occurred before the felon in possession offense was committed.

It appears to us that sound policy supports what we perceive to be the intent of the legislature. It seems reasonable to require a person who has formerly been convicted of a felony to meet the requirements set forth in the affirmative defense section of the statute before possessing a concealable firearm. We see no reason why the legislature would want to encourage a person who has formerly been convicted of a felony to gamble by possessing a concealable firearm, hoping that if he or she is arrested for being a felon in possession that he or she can defend against that offense by having the former conviction set aside. We accordingly conclude that Judge Jeffery did not err in finding that Clark violated AS 11.61.200(a)(1) by possessing a concealable firearm while his former conviction was on appeal, and that this court's later reversal of Clark's former conviction was not a defense to the felon in possession charge.

Clark also argues that the due process clause of the Alaska Constitution prohibits the state from convicting him of a felon in possession charge when his former conviction was reversed on constitutional grounds. We see no reason why the legislature may not require that a person who has been convicted of a felony wait until that conviction has been reversed on appeal before being allowed to possess a concealable firearm. We find no due process violation.

The conviction is AFFIRMED.