Ernest WASSILLIE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3292.

Court of Appeals of Alaska.

April 27, 1990.

As Amended June 7, 1990.

Marvin Hamilton, Asst. Public Defender and John B. Salemi, Public Defender, Anchorage, for appellant.

Larry R. Weeks, Chief of Crim. Prosecutions, State Dept. of Law, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ., Judges.

## OPINION

SINGLETON, Judge.

Ernest Wassillie pled no contest and was convicted of one count of selling intoxicating beverages without a license in a local option area,[1] a class C felony, in violation of AS 04.11.010(b) and AS 04.16.200(b).[2] Wassillie is a first felony offender. Acting Superior Court Judge Elaine M. Andrews suspended imposition of sentence on a number of conditions. One of the conditions was that Wassillie serve a six-month period of incarceration. *See* AS 12.55.-085–.086. Wassillie appeals arguing that his sentence is excessive and should not have exceeded ninety days of incarceration. We conclude that the sentence is not clearly mistaken and therefore affirm.

## THE OFFENDER

At the time of sentencing, Wassillie was twenty-eight years of age. He was born

---

1. The City of Togiak voted to ban the sale and importation of alcoholic beverages in an election held May 3, 1982.

2. AS 04.11.010(b) provides in relevant part:

    A person may not solicit or receive orders for the delivery of an alcoholic beverage in an area where the results of a local option election have, under AS 04.11.490–04.11.500, prohibited the board from issuing, renewing or transferring one or more types of licenses or permits under this title, unless the person is licensed under this title and the order is actu-

ally received by that person from the purchaser of the alcoholic beverage. A person who violates this subsection is punishable upon conviction under AS 04.16.200(a) or (b).
AS 04.16.200(b) provides:

    A person who violates AS 04.11.010 in an area where the results of a local option election have, under AS 04.11.490–04.11.500, prohibited the board from issuing, renewing, or transferring one or more types of licenses or permits under this title in the area is, upon conviction, guilty of a class C felony[.]

and raised in Togiak, Alaska and has no prior criminal record except for a marijuana conviction for which he received a suspended imposition of sentence which was subsequently cleared.[3] Wassillie graduated from high school in Togiak and attended college for one semester. He also received vocational training in Oregon and hopes to become a mechanic. Wassillie is married and has four children, ranging from one to five years old. Wassillie has not served in the armed forces of the United States. There is no indication that Wassillie is in bad health or that he abuses drugs or alcohol, although the presentence report evaluation asserts a substance abuse dependency.

## THE OFFENSE

On November 16, 1988, a woman was allegedly murdered in the village of Togiak. The alleged murderer may have purchased alcohol from Wassillie. Investigators contacted Wassillie who admitted to bringing a quantity of Everclear liquor from Dillingham to Togiak, transferring it to nine pint bottles, and selling each bottle for $100. Wassillie admitted he sold a pint bottle of Everclear to the alleged murderer.

## THE SENTENCING

A probation officer filed a presentence report containing the following evaluation:

Ernest J. Wassillie, a twenty-eight year old male of native descent, comes before the court for sentencing on his first felony conviction. Mr. Wassillie has pled No Contest to one count of Sale of Liquor Without a License. Mr. Wassillie was born and raised in Togiak, Alaska and lives primarily a subsistence lifestyle. Mr. Wassillie admitted to investigating officers that he was involved in the possession and sale of alcohol. By Mr. Wassillie's own admission and witnesses [sic] statements, Mr. Wassillie's involvement in the possession and sale of alcohol goes well beyond the one sale for

which he stands convicted. His offense should be considered even more serious due to the fact that this alcohol played a role in the death of a young lady in the village. Mr. Wassillie was selling alcoholic beverages for profit without a license or permit and was doing it where specifically prohibited. Mr. Wassillie's unlawful actions contributed towards the disintegration of native society and death.

Mr. Wassillie has no significant prior record. It is possible that his involvement is directly related to his use of alcohol. If Mr. Wassillie's motivation was not for his own use of liquor, then it is possible that his involvement was for financial reward. Mr. Wassillie was earning $100.00 per pint of liquor that he sold.

The nature of his actions and involvement in the use and sale of alcohol are serious. The Court needs to provide a sentence which will express community condemnation, reaffirm societal norms and deter Mr. Wassillie and others from committing similar offenses. A period of incarceration would be appropriate in this case to accomplish these goals. Because of Mr. Wassillie's age, lack of prior criminal record and his substance abuse dependency, an effort of rehabilitation should be made.

After his initial interview with investigators, Wassillie told the probation officer that he had not sold any alcohol. He contended the alcohol was stolen when an individual burglarized his home.

Judge Andrews presided at sentencing. She disbelieved Wassillie's claim that he had been burglarized. She carefully reviewed the *Chaney* criteria: rehabilitation, isolation, reaffirmation of community norms and deterrence of others. *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970). She stressed the deterrence of others. She also expressed concern that Was-

---

**3.** The record does not indicate whether Wassillie's drug offense was a misdemeanor or felony. Even if it were a felony, Wassillie received a suspended imposition of sentence which was set

aside and would not make Wassillie a second felony offender. *See Larson v. State*, 688 P.2d 592, 595–97 (Alaska App.1984).

sillie had minimized his own involvement and was trying to shift responsibility to his wife and the police for failing to respond to his claim of burglary. She concluded that Wassillie's motivation was commercial and that he hoped to make a lot of money from selling alcohol in his village. Judge Andrews considered categorizing Wassillie as a worst offender, but because of his good record, she concluded that he should receive a suspended imposition of sentence on condition that he serve six months' incarceration.

## DISCUSSION

This is Wassillie's first felony conviction. He apparently has no misdemeanor record.[4] Consequently, he should receive a sentence substantially more favorable than the presumptive sentence for a second felony offender. *See Austin v. State*, 627 P.2d 657, 658 (Alaska App.1981). The presumptive term for a second felony offender convicted of a class C felony is two years' incarceration. AS 12.55.-125(e)(1). Wassillie's sentence of six months is well within *Austin* limits.

Alaska's appellate courts have considered proper sentences for the illegal sale of intoxicating beverages on a number of occasions. *See, e.g., Hampton v. State*, 623 P.2d 318 (Alaska 1981); *Williams v. State*, 600 P.2d 741 (Alaska 1979); *Peruski v. State*, 711 P.2d 573 (Alaska App.1985); *Azzarella v. State*, 703 P.2d 1182 (Alaska App.1985); *Hernandez v. State*, 691 P.2d 287 (Alaska App.1984); *Nickolas v. State*, 689 P.2d 510 (Alaska App.1984). Where a defendant was actively engaged in bootlegging and had a prior misdemeanor criminal

record we have approved sentences of up to four years for a first felony offender. *Azzarella*, 703 P.2d at 1189. In contrast, we vacated a jail sentence for a defendant convicted of a single instance of misdemeanor importation of alcohol where the defendant had no record of prior convictions and his violation of the law was not intentional. *Nickolas*, 689 P.2d at 511. A review of the cases indicates that a significant consideration in determining an appropriate sentence for a first offender is the extent of his or her commercial activity. As the supreme court noted in *Hampton*, alcohol abuse is a serious problem in a number of areas in our state and local people have attempted to deal with that problem by banning the sale of intoxicating beverages. 623 P.2d at 320. In such circumstances, one of the most important sentencing considerations in imposing sentence is deterrence of others. *Id.* Wassillie was not just selling a single bottle to a friend. He had set up a commercial enterprise, although of short duration. Under the circumstances, a sentence of six months' incarceration as a condition of receiving a suspended imposition of sentence was not clearly mistaken. *See McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence of the superior court is AFFIRMED.

---

**4.** See footnote 3.