The Honorable John H. Dawson State Representative P.O. Box 336 Camden, AR 71701-0336
Dear Representative Dawson:
This is in response to your request for an opinion regarding a potential criminal charge of being a felon in possession of a firearm. You state that one of your constituents pled guilty to a felony offense of burglary in 1984. He apparently received a sentence of probation. You do not indicate the specific statutory provision under which your constituent was sentenced.[1]
You state that the terms and conditions of probation were completed without incident and on November 25, 1992, the sentencing court entered an order providing that the defendant was permitted to withdraw his plea of guilty, the information was dismissed and the defendant was discharged from probation. You state that your constituent would now like to resume his hobby of hunting, but is concerned whether he would be subject to prosecution as a felon in possession of a firearm. I will assume your constituent intends to hunt with a firearm.
It is my opinion that, pursuant to A.C.A. § 5-73-103 (Cum. Supp. 1991), the individual could be subject to prosecution for possession of a firearm unless he had received a pardon explicitly restoring his ability to possess such a weapon.
Section 5-73-103 states in pertinent part that:
 (a) Unless so authorized . . . no person shall possess or own any firearm who has been:
(1) Convicted of a felony . . .
* * *
 (b) A determination by a jury or court that a person committed a felony:
 (1) Shall constitute a conviction for purposes of subsection (a) of this section even though the court suspended imposition of sentence or placed the defendant on probation; but
 (2) Shall not constitute a conviction for purposes of subsection (a) of this section if the person is subsequently granted a pardon explicitly restoring the ability to possess a firearm.
In Reynolds v. State, 18 Ark. App. 193, 712 S.W.2d 329 (1986), the Court noted that the purpose of § 5-73-103 was "to keep firearms out of the hands of persons who have been formally adjudicated as irresponsible or dangerous." 18 Ark. App. at 197. The Court concluded that § 5-73-103 prohibits a person convicted of a felony from possessing a firearm, regardless of the fact that the prior felony conviction is subject to collateral attack, and that this prohibition continues until the conviction is either successfully attacked and set aside, or a specific pardon is granted. Id.
While any decision to prosecute would be made not by this office but by the Prosecuting Attorney's Office, in my opinion, absent a pardon "explicitly restoring the ability to possess a firearm," one who has been convicted of a felony who subsequently possesses a firearm may be subject to prosecution under § 5-73-103.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh
[1] The provisions of Act 378 of 1975 (codified at A.C.A. §§16-93-501—510 (1987 Cum. Supp. 1991)) should, however, be consulted with regard to the effect of a court's order expunging a record pursuant to the Youthful Offender Alternative Service Act. In Irvin v. State, 301 Ark. 416, 784 S.W.2d 763 (1990), the Arkansas Supreme Court held that a prior sentence under the Youthful Offender Act could not be used as the underlying felony in a later prosecution for felon in possession of a firearm, noting that the public policy underlying the Act was to remove the stigma of youthful discretions, and to give a youthful offender a second chance to a life free of a criminal record.