STATE OF NEBRASKA, APPELLANT, V. TOD PORTSCHE, APPELLEE.

606 N.W. 2d 794

Filed March 3, 2000.    No. S-99-533.

Gary E. Lacey, Lancaster County Attorney, and Amy G. Jacobsen for appellant.

Dennis R. Keefe, Lancaster County Public Defender, and Joseph D. Nigro for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Tod Portsche, appellee, was charged in the district court for Lancaster County with being a felon in possession of a firearm in violation of Neb. Rev. Stat. § 28-1206 (Reissue 1998). The case was tried to the court which entered an order finding that because Portsche's prior felony conviction was uncounseled, he was not a convicted felon for purposes of § 28-1206, and that, therefore, his prior conviction could not be used to establish the material element of being a convicted felon pursuant to § 28-1206. The trial court found Portsche not guilty.

The State sought leave to docket error proceedings under Neb. Rev. Stat. § 29-2315.01 (Reissue 1995) on April 26, 1999.

The Nebraska Court of Appeals granted leave. The case was thereafter moved to the docket of the Nebraska Supreme Court. The State assigns as error the district court's rulings that Portsche was not a convicted felon for purposes of § 28-1206 and that Portsche's prior conviction could not be used as a predicate for the instant charge of being a felon in possession of a firearm.

We conclude that the district court correctly determined that Portsche's prior uncounseled conviction could not be used to establish that he was a convicted felon for purposes of § 28-1206 and that Portsche was not guilty of the felon in possession charge that was brought under § 28-1206. Accordingly, the State's exception is overruled.

## STATEMENT OF FACTS

Portsche was charged on August 21, 1998, in the district court for Lancaster County with being a felon in possession of a firearm. Specifically, the State charged that on June 7, Portsche was in possession of a semiautomatic rifle. In 1991, Portsche had been convicted in the district court for Seward County of operating a motor vehicle during a time of suspension, a Class IV felony under Neb. Rev. Stat. § 60-6,196(6) (Cum. Supp. 1999), then found at Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1990).

On November 24, 1998, Portsche entered a plea of guilty, and the plea was accepted by the district court. Portsche was found guilty, and sentencing was set for January 26, 1999.

On November 30, 1998, the district court sent letters to counsel for both Portsche and the State indicating concern as to whether a prior uncounseled felony conviction could be used as the predicate for Portsche's instant charge of being a felon in possession of a firearm and ordered counsel to submit letter memoranda addressing the issue by January 8, 1999. After reviewing the information submitted by counsel, the district court on January 20, 1999, sent letters to counsel advising them of its conclusion that "since there was no finding Mr. Portsche freely, voluntarily, knowingly and intelligently waived his right to counsel during the Seward County proceeding, [the district

court was] of the opinion the Seward County conviction cannot be used to support a conviction" in the instant case.

On January 26, 1999, the district court vacated and set aside its November 24, 1998, finding of guilt based on a guilty plea. When the case came on for trial on February 22, 1999, the State moved the district court to reconsider its ruling of January 26. The district court reconsidered and, on March 12, issued its order again concluding that the State could not use Portsche's uncounseled 1991 conviction as a predicate for the charge of being a felon in possession of a firearm.

Portsche waived a jury trial and agreed to proceed with a stipulated trial, which was conducted on March 29, 1999. At the trial, the parties stipulated that Portsche was in possession of a firearm on June 7, 1998. The State offered Portsche's 1991 felony conviction. The district court found that the prior conviction was not valid for purposes of § 28-1206 because the record did not reflect that Portsche had an attorney or waived his right to an attorney at the time of his plea on August 30, 1991. The district court therefore found Portsche not guilty of the instant charge of being a felon in possession of a firearm.

On April 16, 1999, the State presented to the district court an application for leave to docket an appeal, which application the district court approved the same day. The State filed the application with the Court of Appeals on April 26. The Court of Appeals granted the application on May 14, and the appeal was subsequently moved to this court's docket.

## ASSIGNMENTS OF ERROR

The State asserts that the district court erred in ruling (1) that Portsche was not a convicted felon for the purpose of committing the crime of being a felon in possession of a firearm pursuant to § 28-1206 and (2) that Portsche's prior uncounseled conviction could not be used as a predicate for the crime of being a felon in possession of a firearm.

## SCOPE AND PURPOSE OF
## REVIEW IN ERROR PROCEEDING

■ The instant appeal is before this court as an error proceeding filed by the Lancaster County Attorney pursuant to

§ 29-2315.01, which states in part that "[t]he county attorney may take exception to any ruling or decision of the court made during the prosecution of a cause by presenting to the trial court the application for leave to docket an appeal with reference to the rulings or decisions of which complaint is made." The scope and purpose of appellate review in error proceedings are defined in Neb. Rev. Stat. § 29-2316 (Reissue 1995). The purpose of the review is to provide an authoritative exposition of the law to serve as precedent in future cases. *State v. Dorcey*, 256 Neb. 795, 592 N.W.2d 495 (1999). However, in the instant case, because jeopardy has attached, this court's decision will not affect the judgment of the trial court herein. See, *State v. Jennings*, 195 Neb. 434, 238 N.W.2d 477 (1976); *State v. Wilen*, 4 Neb. App. 132, 539 N.W.2d 650 (1995).

## STANDARD OF REVIEW

The State's assignments of error present questions of law. To the extent questions of law are involved, an appellate court is obligated to reach conclusions independent of the decisions reached by the courts below. *State v. Ortiz*, 257 Neb. 784, 600 N.W.2d 805 (1999).

## ANALYSIS

Section 28-1206(1) provides as follows: "Any person who possesses any firearm or brass or iron knuckles and who has previously been convicted of a felony or who is a fugitive from justice commits the offense of possession of a deadly weapon by a felon or a fugitive from justice."

In the instant case, it is uncontested that Portsche possessed a firearm on June 7, 1998. It is also uncontested that in 1991, Portsche was convicted of a Class IV felony in the district court for Seward County. The district court in the instant case found that the record of Portsche's 1991 conviction did not reflect that Portsche either had an attorney or waived his right to an attorney at the time of his plea. The State does not challenge this finding. Therefore, the sole issue in this proceeding is whether Portsche's uncounseled 1991 conviction can be used to establish that Portsche is a felon for purposes of Nebraska's felon in possession statute, § 28-1206.

Although not cited by either party, in *State v. Groves*, 239 Neb. 660, 477 N.W.2d 789 (1991), this court has previously held, albeit without exposition, that to prove a prior conviction for felon in possession purposes, the State need only establish that at the time of the prior conviction, the defendant had or waived counsel. In *Groves*, the defendant was convicted of being a felon in possession of a firearm and, on appeal, argued that his prior felony conviction should have been excluded because the record in that case failed to affirmatively reflect that he was represented by counsel, that he waived counsel, or that he was advised of certain other constitutional rights. We stated in *Groves* as follows:

This court has held that to prove a prior conviction for enhancement purposes and for habitual criminal proceedings, the State need only establish that at the time of the prior conviction, the defendant had or waived counsel. . . . This rule is equally applicable to use of a prior conviction as proof that the defendant is a convicted felon.

(Citation omitted.) *Id.* at 676, 477 N.W.2d at 801. We then found in *Groves* that the record of the prior conviction showed that the defendant had his attorney present with him at each court appearance up to and including sentencing and that therefore the prior counseled felony conviction was properly admitted for establishing that Groves was a felon in possession. *Id.*

In *Groves,* we held that in a felon in possession case, in order to use a prior felony conviction as proof that the defendant is a convicted felon, the State must establish that at the time of the prior conviction, the defendant had or waived counsel. We find that rule to be applicable in the instant case. We therefore conclude that the district court properly ruled that Portsche's uncounseled 1991 conviction could not be used to establish that Portsche had "previously been convicted of a felony" under § 28-1206, and we dismiss the State's exception brought to this court under § 29-2315.01. However, because the purpose of our review in an error proceeding is to provide an authoritative exposition of the law to serve as precedent in future cases, *State v. Dorcey*, 256 Neb. 795, 592 N.W.2d 495 (1999), and because *Groves* contained little discussion beyond the conclusion quoted

above, we take this opportunity to further explain the rationale behind our holding.

The State relies mainly on two cases, a Nebraska case and a U.S. Supreme Court case, in support of its argument that a prior uncounseled conviction may be used to establish that a defendant has "previously been convicted of a felony" under § 28-1206. The cases are *State v. Lee*, 251 Neb. 661, 558 N.W.2d 571 (1997), and *Lewis v. United States*, 445 U.S. 55, 100 S. Ct. 915, 63 L. Ed. 2d 198 (1980). We find *Lee* distinguishable and *Lewis* inapposite.

The State claims that the validity of a prior conviction may not be attacked on any basis in a subsequent action in which the prior conviction is an element of the offense being prosecuted. In support of its argument, the State relies in part on *Lee*. In *Lee*, the defendant was charged in district court and eventually convicted of driving while his operator's license was suspended in violation of § 60-6,196(6) (Reissue 1993). Prior to trial on the driving during a suspension charge, Lee filed a petition in a separate proceeding in county court to set aside his prior conviction for driving while under the influence of alcohol (DUI), third-offense, which conviction resulted in the suspension. In the separate proceeding, Lee argued that the plea-based third-offense DUI conviction was constitutionally infirm because he had not been advised of his right to a trial by jury.

In the separate proceeding, the county court found that Lee had not in fact been advised of his right to a trial by jury in the third-offense DUI case. The county court concluded in the separate proceeding that the failure to advise Lee of his right to a trial by jury in the DUI case was a violation of *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (*Boykin*), which mandates that a criminal defendant must be advised of certain constitutional rights. The county court ruled that the prior third-offense DUI conviction and suspension could not be used as evidence of suspension in the later driving during a suspension case.

Subsequently, at the district court trial on the driving during a suspension charge, the district court overruled Lee's motion in limine which had sought to prevent the State from presenting evidence of the prior third-offense DUI conviction and suspen-

sion, which the county court had previously found to be constitutionally infirm. The district court found Lee guilty of driving during a suspension based in part on Lee's prior conviction for third-offense DUI.

In *Lee*, where the collateral attack was a *Boykin* challenge, we held that Lee was not permitted to collaterally attack in a special proceeding the prior conviction that was an element of the subsequent offense. We distinguished our *Lee* holding from a line of cases which included *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995); *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992); and *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989), where we held that a defendant could raise a collateral attack based on *Boykin* in a separate proceeding commenced expressly for the purpose of setting aside a prior DUI conviction sought to be used for subsequent DUI enhancement pursuant to the DUI statutes. In *Lee*, we disapproved of separate proceedings raising *Boykin* rights where the prior conviction was used to establish an element of the offense, and we left untouched the *LeGrand* line of cases which permitted a separate proceeding designed to raise a *Boykin* challenge where the prior DUI convictions were sought to be used for DUI penalty enhancement.

We recently overruled the *LeGrand* line of cases in *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999), and held that a defendant may no longer use a separate proceeding to raise a *Boykin* challenge to a prior DUI conviction sought to be used for DUI enhancement pursuant to the DUI statutes. We also recently ruled that a defendant may not use a separate proceeding to raise a *Boykin* challenge to a prior conviction sought to be used for enhancement pursuant to the habitual criminal statute. *State v. Kuehn, ante* p. 558, 604 N.W.2d 420 (2000). However, we explicitly held in both *Louthan* and *Kuehn* that in order to use a prior conviction for the foregoing enhancement purposes, the State was still required to establish in the current proceeding that at the time of the prior conviction, the defendant had counsel or had validly waived counsel.

In the instant case, the State claims that the distinction made in *State v. Lee*, 251 Neb. 661, 558 N.W.2d 571 (1997), between prior convictions used for enhancement purposes and prior convictions used to establish an element of a subsequent offense is

dispositive of the issue at hand and urges upon us the conclusion that prior convictions used to establish an element of a subsequent offense are completely immune from attack. We do not agree with the State's analysis.

In *Lee*, we made the distinction between prior convictions for enhancement purposes and prior convictions used to establish an element of a subsequent offense in support of our prior rulings that separate proceedings were then limited to enhancement but that separate proceedings could not be used to raise a *Boykin* challenge to a prior conviction used to establish an element of a subsequent offense. Following our holdings in *Louthan* and *Kuehn*, a separate proceeding to raise a *Boykin* challenge is no longer valid to challenge a prior conviction sought to be used for enhancement, and under *Lee*, separate proceedings to raise a *Boykin* challenge remain invalid to challenge a prior conviction used to establish an element of a subsequent offense. Thus, separate proceedings raising a *Boykin* challenge have now been disapproved for DUI and habitual criminal enhancement purposes as well as for purposes of challenging prior convictions where the prior conviction is an element of the subsequent offense.

For purposes of the present proceeding, the critical analytical distinction is the use which may be made of a prior conviction challenged on *Boykin* grounds as distinguished from a prior conviction challenged as uncounseled. The U.S. Supreme Court recognized this distinction in *Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), in which it held that a prior conviction could not be challenged on *Boykin* grounds in a subsequent enhancement proceeding. However, the Court in *Custis* nevertheless recognized that the Constitution bars the use of a prior conviction for enhancement purposes where there was a denial of the Sixth Amendment right to counsel in the prior proceeding. The right to counsel was recognized by the Court in *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), wherein the Court established the rule that the right to counsel guaranteed by the Sixth Amendment made it unconstitutional to try a person for a felony in state court unless the defendant had a lawyer or had waived one. The Court later held that "[t]o permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person

either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case." (Citation omitted.) *Burgett v. Texas*, 389 U.S. 109, 115, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967). The result of such use of a prior uncounseled conviction is that "the accused in effect suffers anew from the deprivation of that Sixth Amendment right." *Id.*

Our decisions have similarly recognized the importance of the right to counsel and the unique nature of a challenge to the denial of the Sixth Amendment right to counsel. *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999); *State v. Kuehn, ante* p. 558, 604 N.W.2d 420 (2000). We have recently held in *Louthan* and *Kuehn* that while a *Boykin* challenge to a prior conviction may not be raised either in the enhancement proceeding or in a separate proceeding, the State must nevertheless affirmatively establish in the enhancement proceeding that at the time of the prior conviction, the defendant had or waived counsel. Indeed, in *Lee*, we noted that a *Boykin* challenge was " '[u]nlike a lack-of-counsel challenge, [the latter of] which automatically makes the conviction unreliable . . . .' " *State v. Lee*, 251 Neb. 661, 664-65, 558 N.W.2d 571, 574 (1997).

In *Lee*, our holding was to the effect that a defendant could not use a separate proceeding to raise a *Boykin* challenge to a prior conviction sought to be used to establish an element of a subsequent offense. Notably, in *Lee*, there was no allegation that the defendant's prior conviction was uncounseled and we were not required to rule on whether a prior uncounseled conviction could be used to establish an element of a subsequent offense although, as noted above, we had indicated in *State v. Groves*, 239 Neb. 660, 477 N.W.2d 789 (1991), that a prior uncounseled felony conviction could not be used to establish the element of being a felon in a felon in possession case. Contrary to the State's argument, our ruling in *Lee* was simply not dispositive of the issue in the instant case as to whether a prior uncounseled felony conviction could be used to establish that the defendant was a felon for felon in possession purposes under § 28-1206.

The State relies heavily on *Lewis v. United States*, 445 U.S. 55, 100 S. Ct. 915, 63 L. Ed. 2d 198 (1980), in which the U.S. Supreme Court, construing the federal felon in possession statute, held that a prior uncounseled felony conviction could be

used to establish an element of the federal offense of being a felon in possession of a firearm pursuant to 18 U.S.C. app. § 1202(a) (1976). In *Lewis*, the U.S. Supreme Court noted that it "has never suggested that an uncounseled conviction is invalid for all purposes." 445 U.S. at 66-67.

Construing the federal statute, the Court found that the federal statute in question focused "not on [the constitutional] reliability [of the prior conviction], but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons." 445 U.S. at 67. The Court specifically found that 18 U.S.C. § 922(g)(1) and (h)(1) (1976) imposed a firearms disability not only on a convicted felon but also on a person under a felony indictment, even if that person subsequently was acquitted of the felony charge. *Lewis v. United States, supra.* The Court further stated that in enacting the federal statute, it was "Congress' judgment that a convicted felon, even one whose conviction was allegedly uncounseled, is among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness . . . ." 445 U.S. at 67.

The Court found the language of 18 U.S.C. app. § 1202(a) to be "sweeping," reflecting Congress' "expansive legislative approach" in enacting the Omnibus Crime Control and Safe Streets Act of 1968, of which the statute was a part. 445 U.S. at 60-61. The Court found the legislative history of the federal statute to reflect "an intent to impose a firearms disability on any felon based on the fact of conviction," 445 U.S. at 62, and an intent for § 1202(a) to be "a sweeping prophylaxis, in simple terms, against misuse of firearms." 445 U.S. at 63. The Court noted that Congress did not see fit to make any exception for persons whose outstanding felony convictions may prove to be invalid, in contrast to other federal statutes that explicitly permitted a defendant to challenge, by way of defense, the validity or constitutionality of the predicate felony. *Lewis v. United States, supra.* Finally, 18 U.S.C. app. § 1203(2) (1976) and 18 U.S.C. § 925(c) (1976) provided that the firearms disability could be removed by a qualifying pardon or with the consent of the Secretary of the Treasury. *Lewis v. United States, supra.* The *Lewis* Court therefore concluded that it was "clear" and "plain"

that "§ 1202(a)(1) prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." 445 U.S. at 65.

The U.S. Supreme Court's holding in *Lewis* was based on its interpretation of the federal statute before it, 18 U.S.C. app. § 1202(a), and the corresponding legislative history. The Court concluded that the statute showed a plain and clear intent to sweep so broadly as to include prior uncounseled felony convictions as the predicate for the firearms disability. The lesson in *Lewis* for present purposes is that a prior uncounseled conviction may be used to establish an element of the subsequent federal offense of being a felon in possession of a firearm without offending the Sixth Amendment because there was a plain and clear federal legislative intent to include such uncounseled convictions under the federal statute. In the instant proceeding, it is the Nebraska statute, § 28-1206, and the legislative intent in the enactment of § 28-1206, as distinguished from the federal statute, which are relevant to our decision.

The U.S. Supreme Court's interpretation of the federal statute, 18 U.S.C. app. § 1202(a), is not binding upon our interpretation of the state statute, § 28-1206. See, *Phillips v. Industrial Machine*, 257 Neb. 256, 597 N.W.2d 377 (1999) (Gerrard, J., concurring); *State v. Carter*, 246 Neb. 953, 524 N.W.2d 763 (1994), *overruled on other grounds, State v. Freeman*, 253 Neb. 385, 571 N.W.2d 276 (1997). See, similarly, *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999) (holding in double jeopardy case that Nebraska Legislature intended forfeiture actions pursuant to Neb. Rev. Stat. § 28-431 (Cum. Supp. 1998) to be criminal proceedings in contrast to U.S. Supreme Court's holding that Congress intended federal forfeiture proceedings pursuant to similar federal statutes to be civil in nature). Neither the federal and state statutes nor the case law under those statutes are identical, and the legislative history of the Nebraska statute does not indicate that the state statute was derived from the federal statute. In this regard, we note that other state appellate courts have found that *Lewis v. United States*, 445 U.S. 55, 100 S. Ct. 915, 63 L. Ed. 2d 198 (1980), was not controlling in the interpretation of their respective states' "felon in possession of a firearm" statutes. E.g., *People v.*

*Quintana*, 707 P.2d 355 (Colo. 1985) (holding that prior conviction obtained in violation of defendant's constitutional rights cannot be used as underlying conviction in prosecution under Colorado's felon with gun statute); *State v. Gore*, 101 Wash. 2d 481, 681 P.2d 227 (1984) (noting that principle of lenity required that state provisions be interpreted to require constitutionally valid prior conviction).

We recognize that neither the federal statute at issue in *Lewis* nor Nebraska's § 28-1206 expressly limit their scope to those who have been *validly* convicted of a felony. However, compared to 18 U.S.C. app. § 1202(a), § 28-1206 does not use "sweeping" language. For example, the firearms disability imposed by § 28-1206 applies to only two classes of persons: those who have been convicted of a felony and those who are fugitives from justice. By contrast, 18 U.S.C. app. § 1202(a) imposes a firearms disability on any person who (1) has been convicted of a felony, (2) has been dishonorably discharged from the Armed Forces, (3) has been adjudged mentally incompetent, (4) has renounced U.S. citizenship, or (5) is an alien illegally or unlawfully in the United States. See *Lewis v. United States, supra.* In addition, as the U.S. Supreme Court noted in *Lewis*, 18 U.S.C. § 922(g)(1) and (h)(1), also enacted as part of the Omnibus Crime Control and Safe Streets Act of 1968, imposed a firearms disability "not only on a convicted felon but also on a person under a felony indictment, even if that person subsequently is acquitted of the felony charge." 445 U.S. at 64.

▪ The Nebraska statute clearly applies to a more narrow class of persons than does the federal statute. The current § 28-1206, originally enacted in 1977, is substantially similar to Neb. Rev. Stat. § 28-1011.15 (Reissue 1975), enacted in 1967, which in turn was substantially similar to Neb. Rev. Stat. § 28-1011.07 (Reissue 1964), enacted in 1961. Notably, § 28-1011.07 imposed a firearms disability on "any person who is charged either by complaint, information or indictment with a crime of violence, or who has been convicted of a crime of violence amounting to a felony." However, this sweeping language was narrowed in § 28-1011.15 to "any person who has been convicted of a felony," which is the language used in the current § 28-1206. If, in a subsequent enactment on the same or similar

subject, the Legislature uses different terms in the same connection, a court interpreting the subsequent enactment must presume that the Legislature intended a change in the law. *In re Interest of Artharena D.*, 253 Neb. 613, 571 N.W.2d 608 (1997). In enacting § 28-1011.15, the Legislature dropped the language from § 28-1011.07, referring to a person "charged either by complaint, information or indictment." We must presume the Legislature intended to narrow the breadth of the firearms disability in this respect.

Construing § 28-1206, we do not find the same sort of broad, sweeping language that the U.S. Supreme Court found present in the federal statute in *Lewis v. United States*, 445 U.S. 55, 100 S. Ct. 915, 63 L. Ed. 2d 198 (1980), which language evinced an intent to include a broad range of individuals as persons who could not possess firearms. The legislative history of § 28-1206 does not indicate that the Nebraska Legislature considered whether an uncounseled felony conviction could provide the predicate for a violation of the statute and, therefore, does not demonstrate any specific intent on the issue. In contrast to the observations in *Lewis* pertaining to the federal statute, neither the language nor the legislative history of § 28-1206 indicate the "plain" and "clear" intent to permit prior uncounseled convictions as predicate convictions for the charge of being a felon in possession of a firearm.

■ We note that the Nebraska Legislature has not amended § 28-1206 in response to *State v. Groves*, 239 Neb. 660, 477 N.W.2d 789 (1991), which was decided in 1991. Generally, where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent. *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999).

■ Although the U.S. Supreme Court held in *Lewis* that a prior uncounseled conviction may be used as a prior conviction to establish an element of the subsequent federal offense of being a felon in possession of a firearm without offending the Sixth Amendment where there was a plain and clear legislative intent to include such uncounseled convictions in the sweep of the statute, we do not find such a plain and clear legislative

intent in connection with Nebraska's felon in possession statute, § 28-1206. Absent such plain and clear intent and given the importance of the right to counsel in connection with felony convictions, we find the better rule to be that in order to use a prior conviction as proof that a defendant has been convicted of a felony for purposes of the felon in possession statute, § 28-1206, the State must establish that at the time of the prior conviction, the defendant had or waived counsel. Where a record is silent as to a defendant's opportunity for counsel, an appellate court may not presume that such rights were respected, and waiver will not be presumed. *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996). However, a checklist or other such docket entry which shows waiver of counsel made by one authorized to make such entry imports verity and stands as evidence of waiver. *Id.* Before a prior felony conviction can be used to prove that a defendant is a felon in a felon in possession case, the State must prove either that the prior felony conviction was counseled or that counsel was waived. This requirement serves to protect the right to counsel and is consistent with our holdings in the DUI and habitual criminal enhancement contexts in *State v. Louthan, supra*, and *State v. Kuehn, ante* p. 558, 604 N.W.2d 420 (2000).

## CONCLUSION

We conclude that in order to prove that a defendant is a convicted felon for purposes of the Nebraska felon in possession statute, § 28-1206, the State must establish in the felon in possession case that at the time of the prior felony conviction, the defendant had or waived counsel. Therefore, the State's exception to the district court's ruling that Portsche's prior uncounseled felony conviction could not be used to establish that Portsche was a felon for purposes of the felon in possession statute, § 28-1206, brought to this court under § 29-2315.01, is overruled.

EXCEPTION OVERRULED.