FILED BY CLERK

JAN 12 2007

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,              )
                                   )       2 CA-CR 2005-0384
                    Appellee,      )       DEPARTMENT A
                                   )
          v.                       )       O P I N I O N
                                   )
WALTER JAMES MANGUM,               )
                                   )
                    Appellant.     )
                                   )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20032388

Honorable Paul Tang, Judge
Honorable Charles S. Sabalos, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Eric J. Olsson                          Tucson
                                                    Attorneys for Appellee

Creighton Cornell, P.C.
  By Creighton Cornell                                           Tucson
                                                    Attorney for Appellant

P E L A N D E R, Chief Judge.

**¶1** Following a jury trial, appellant Walter Mangum was convicted of possession of a deadly weapon by a prohibited possessor. The trial court suspended the imposition of sentence and placed Mangum on probation for three years. On appeal, he argues on various grounds the trial court erred in not dismissing the sole charge against him after the Pima County Justice Court vacated the underlying conviction that had created his prohibited possessor status. He also contends the evidence was insufficient to support his conviction and the trial court erroneously precluded any evidence at trial that his underlying conviction was invalid.

**¶2** Although the first issue Mangum raises is a close one, we conclude he was not entitled to dismissal of the prohibited possessor charge after the underlying, predicate conviction on which that charge was based was found constitutionally invalid and vacated. Accordingly, the trial court did not err in failing to dismiss this case on that basis. We also find no merit in Mangum's other arguments and, therefore, affirm.

## BACKGROUND

**¶3** We view the evidence in the light most favorable to upholding the jury's verdict. *See State v. Tamplin*, 195 Ariz. 246, ¶ 2, 986 P.2d 914, 914 (App. 1999). The pertinent procedural facts, however, are undisputed. In October 2002, Mangum pled guilty in justice court to a misdemeanor domestic violence/disorderly conduct offense in violation of A.R.S. §§ 13-2904 and 13-3601(A) and was placed on supervised probation. In July 2003, a probation officer inspected Mangum's residence and discovered firearms in his

bedroom. About a week later, Mangum was indicted on a charge of possession of a deadly weapon by a prohibited possessor "while serving a term of probation" in violation of A.R.S. § 13-3102(A)(4) and former (J) (now (K)).

¶4 Shortly thereafter, Mangum petitioned the justice court for post-conviction relief from the misdemeanor domestic violence conviction pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S. In October 2004, the justice court granted relief, finding multiple, prejudicial violations of Mangum's right to counsel and on that basis vacating the misdemeanor conviction for which Mangum had been placed on probation in 2002. The state apparently did not further pursue any charges against Mangum in connection with that prior incident.

¶5 Mangum then moved to dismiss the prohibited possessor charge in this case based on the justice court's having vacated the underlying misdemeanor conviction. Because that conviction had been "recently deemed invalid," Mangum argued, his "alleged probationary status of July, 2003 [was] a nullity." After hearing argument, the trial court (Judge Tang) denied the motion without comment. This court later declined to accept jurisdiction of Mangum's petition for special action challenging that ruling, *Mangum v. State*, No. 2 CA-SA 2005-0024 (order filed May 3, 2005), and thereafter, our supreme court denied his petition for review, *Mangum v. State*, No. CV-05-0215-PR (Ariz. Sup. Ct. order filed Dec. 8, 2005). During the ensuing trial in this case, the trial court (Judge Sabalos) denied Mangum's motion for reconsideration of Judge Tang's previous denial of the motion

3

to dismiss and also denied Mangum's motion for judgment of acquittal made pursuant to Rule 20, Ariz. R. Crim. P., 17 A.R.S. The trial court later denied Mangum's post-trial motion for a new trial, in which he reurged the same arguments previously made below and now presented on appeal.

## DISCUSSION

### I.

¶6 Mangum first argues the trial court erred in refusing to dismiss the prohibited possessor charge after the justice court vacated his misdemeanor domestic violence conviction and ultimately dismissed that charge. We review for abuse of discretion a trial court's ruling on a motion to dismiss criminal charges, but questions of statutory interpretation and constitutional law are reviewed de novo. *State v. Ramsey*, 211 Ariz. 529, ¶ 5, 124 P.3d 756, 759 (App. 2005). "A trial court abuses its discretion when it misapplies the law or predicates its decision on incorrect legal principles." *State v. Jackson*, 208 Ariz. 56, ¶ 12, 90 P.3d 793, 796 (App. 2004).

¶7 As noted earlier, Mangum was charged with having committed weapons misconduct "while serving a term of probation" in violation of § 13-3102(A)(4). That statute prohibits one from "knowingly . . . [p]ossessing a deadly weapon or prohibited weapon if such person is a prohibited possessor." The phrase "'[p]rohibited possessor'" includes "any person . . . [w]ho is at the time of possession serving a term of probation pursuant to a conviction for a domestic violence offense as defined in [A.R.S.] § 13-3601."

4

A.R.S. § 13-3101(A)(6)(d). As the state correctly points out, at the time of his July 2003 arrest on the prohibited possessor charge, Mangum "was serving a 24-month term of probation pursuant to his [justice court] conviction for domestic violence/disorderly conduct" and, therefore, "was a prohibited possessor at that time."

¶8 Mangum does not directly challenge that fact or conclusion, nor does he expressly argue that the prohibited possessor statutes under which he was convicted are ambiguous or unconstitutional.[1] But, citing *State v. McCann*, 200 Ariz. 27, 21 P.3d 845 (2001), Mangum argues "a prior conviction, used as an element for a new offense, cannot be satisfied by an underlying conviction that is constitutionally infirm."[2]

---

[1] As one state court observed, the United States Supreme Court has found no federal due process violation in "allow[ing] a felon in possession charge to be based upon a constitutionally infirm prior conviction." *Clark v. State*, 739 P.2d 777, 780 (Alaska Ct. App. 1987), *citing Lewis v. United States*, 445 U.S. 55, 65-68, 100 S. Ct. 915, 920-22 (1980). Mangum does not expressly argue that Arizona's prohibited possessor statutes are unconstitutional on their face or as applied. But he does suggest that "[r]elief should be granted" under article II, § 4 of the Arizona Constitution, which he claims, "affords greater due process protection than the Federal Constitution." We reject that argument for two reasons. First, Mangum fails to adequately develop it. *See* Ariz. R. Crim. P. 31.13(c)(1)(vi), 17 A.R.S. Second, the one case Mangum cites, *State v. Ault*, 150 Ariz. 459, 724 P.2d 545 (1986), is inapposite, and pertinent Arizona case law refutes his position. *See State v. Casey*, 205 Ariz. 359, ¶ 11, 71 P.3d 351, 354 (2003) ("The federal and state due process clauses contain nearly identical language and protect the same interests."); *State v. Kaiser*, 204 Ariz. 514, n.2, 65 P.3d 463, 465 n.2 (App. 2003).

[2] This case does not involve a defendant who attempted to collaterally attack the validity of a prior conviction alleged for sentence enhancement or other purposes. *See State ex rel. Collins v. Superior Court*, 157 Ariz. 71, 75, 754 P.2d 1346, 1350 (1988) (holding that "where the record shows defendant was represented by counsel and the conviction is valid on its face, the defendant is precluded from attempting to undermine the validity of that conviction by collateral attack"); *cf. United States v. Herrell*, 588 F.2d 711, 713 (9th Cir. 1978) (rejecting defendant's challenge to federal firearms conviction under 18 U.S.C. § 922

5

**¶9** In *McCann*, our supreme court held that "a rebuttable presumption of regularity attaches to prior convictions used to enhance a sentence or as an element of a crime." 200 Ariz. 27, ¶ 1, 21 P.3d at 846. In so holding, the court explained the new procedure to be followed:

> When the State seeks to use a prior conviction as a sentence enhancer or as an element of a crime, the State must first prove the existence of the prior conviction. At that time, the presumption of regularity attaches to the final judgment. If the defendant presents some credible evidence to overcome the presumption, the State must fulfill its duty to establish that the prior conviction was constitutionally obtained.

*Id*. ¶ 15. Thus, under *McCann*, prior, final judgments of conviction are presumed valid. *Id*. ¶ 16. But the court "emphasize[d] that [its] ruling does not lessen the burden on the State, which retains the burden of establishing that a prior conviction is constitutionally valid" when used "as an element of a crime." *Id*. In addition, the court stated: "In cases in which a judgment of conviction results from the violation of constitutional rights, the conviction cannot be used either to establish an element of an offense or for purposes of sentence enhancement. Thus, prior convictions may be used by the State only if constitutionally valid." *Id*. ¶ 17.

**¶10** According to Mangum, *McCann* "is controlling on the use of a constitutionally infirm conviction to prove an element of an offense" and, even if not controlling, "is the

---

when his challenge to underlying prior conviction occurred after he possessed firearms and was based on "non-constitutional grounds").

most analogous authority, and its reasoning should apply." The trial court, Mangum further asserts, was bound by *McCann* "and committed reversible error by failing to dismiss the prohibited possessor charge in light of [his] unconstitutional underlying conviction."

**¶11** The state does not address, let alone distinguish, the rather broad language in *McCann*. Nor does the state contend that Mangum's prior domestic violence conviction was not an essential element of the prohibited possessor charge under §§ 13-3101(A)(6)(d) and 13-3102(A)(4).[3] Rather, emphasizing the clear wording of those statutes, and particularly the phrase "at the time of possession" in § 13-3101(A)(6)(d), the state asserts its "burden under A.R.S. §§ [13-]3102(A)(4) and -3101(6) was not to prove the present validity of the domestic-violence conviction at the time of trial but only to prove [Mangum's] *status* as a domestic-violence probationer at the time that he possessed firearms." And, the state further argues, Mangum's "domestic violence conviction, presumptively valid at the time of the instant offense, was probative of his status as a domestic-violence probationer regardless of the subsequent justice-court ruling overturning his guilty plea."

---

[3]At oral argument in this court, the state conceded that Mangum's prior conviction technically was an element of the prohibited possessor charge under A.R.S. §§ 13-3101(A)(6)(d) and 13-3102(A)(4). *See People v. Quintana*, 707 P.2d 355, 359 (Colo. 1985) (under Colorado's prohibited possessor statute, "the defendant's prior conviction is an element of the crime which the prosecution must prove beyond a reasonable doubt"); *see also State v. Portsche*, 606 N.W.2d 794, 796 (Neb. 2000) (under Nebraska's prohibited possessor statute, prior conviction constituted "material element of being a convicted felon"). But the state further claimed that evidence of Mangum's prior conviction was only needed to establish an historical fact as a backdrop to his probationary status at the time he possessed a weapon, not to prove guilt or to enhance the sentence.

**¶12** The clear wording of the pertinent statutes supports the state's argument.[4] Our role in interpreting a statute is to discern and effect the legislature's intent. *In re Pima County Juvenile No. 74802-2*, 164 Ariz. 25, 33, 790 P.2d 723, 731 (1990). "The best and most reliable index of a statute's meaning is its language and, where the language is clear and unequivocal, it is determinative of a statute's construction." *Id.; see also State v. Gomez*, 212 Ariz. 55, ¶ 11, 127 P.3d 873, 875 (2006) (when statutory language "is 'clear and unambiguous,' and thus subject to only one reasonable meaning, we . . . apply[] the language without using other means of statutory construction"), *quoting Calik v. Kongable*, 195 Ariz. 496, ¶ 10, 990 P.2d 1055, 1057 (1999); *State v. Sepahi*, 206 Ariz. 321, ¶ 16, 78 P.3d 732, 735 (2003) ("In the end, a statute's language is the most reliable index of its meaning.").

**¶13** Using plain, unambiguous language, the legislature chose to make "the time of possession" the only relevant point at which the defendant must have been "serving a term of probation pursuant to a conviction for a domestic violence offense." § 13-3101(A)(6)(d). The legislature did not expressly require a determination that a prior conviction be

---

[4]Mangum does not argue, and we do not find, that the pertinent statutes are unclear or reasonably susceptible to different interpretations. Therefore, the rule of lenity does not apply here, nor does Mangum argue otherwise. *See State v. Sanchez*, 209 Ariz. 66, ¶ 6, 97 P.3d 891, 893 (App. 2004); *State v. Fell*, 203 Ariz. 186, ¶ 10, 52 P.3d 218, 221 (App. 2002); *see also Lewis*, 445 U.S. at 65, 100 S. Ct. at 920-21 (lenity principle's "touchstone . . . is statutory ambiguity" and does not apply when "statute could not be more plain"). *But see State v. Gore*, 681 P.2d 227, 230 (Wash. 1984) (applying rule of lenity to prohibited possessor statute that could "be interpreted in two alternative ways").

constitutionally valid in order for it to support a prohibited possessor charge under that statute. Nor can we infer any such legislative intent from the statutory wording or scheme. And, even if it were somehow relevant, no pertinent legislative history has been cited to or found by us.

¶14 In § 13-3101(A)(6), the legislature provided several separate and independent definitions of a "[p]rohibited possessor." Under subsection (b), the definition includes a person "[w]ho has been convicted within or without this state of a felony." In contrast, subsection (d) alternatively defines a prohibited possessor as, inter alia, a person "[w]ho is at the time of possession serving a term of probation pursuant to a conviction for a domestic violence offense as defined in § 13-3601 or a felony offense, parole, community supervision, work furlough, home arrest or release on any other basis." As noted earlier, Mangum was charged with and convicted of prohibited possession based solely on his having "knowingly possessed a deadly weapon, while serving a term of probation" on his misdemeanor domestic violence conviction. In other words, Mangum's status offense fell within subsection (d), not (b), of § 13-3101(A)(6).

¶15 Related statutes in pari materia or subsections of a single statute must be "read together and harmonized to avoid rendering any word, clause or sentence superfluous." *State v. Story*, 206 Ariz. 47, ¶ 13, 75 P.3d 137, 141 (App. 2003); *see also State ex rel. Dep't of Econ. Sec. v. Hayden*, 210 Ariz. 522, ¶ 7, 115 P.3d 116, 117 (2005); *State v. Rodriguez*, 153 Ariz. 182, 186, 735 P.2d 792, 796 (1987). Reading § 13-3101(A)(6) as a

whole and harmonizing subsections (b) and (d), we conclude the legislature clearly intended to focus in subsection (d) only on persons on release status, including probationers, not on the broader category of prior felons already covered in subsection (b). Thus, even if the validity of a predicate conviction were pertinent to a charge under subsection (b), an issue we need not address or decide here, we have no reason to believe that is pertinent or required under subsection (d).

¶16　　　Based on this statutory scheme and the clear, unambiguous wording of subsection (d), we agree with the state that the prohibited possessor charge on which Mangum was convicted is essentially a status offense, and at the time of his arrest, Mangum "was bound by his [as yet] unchallenged guilty plea [in justice court] and by the probation imposed as a result of the plea." At the time of his arrest and indictment on the prohibited possessor charge, Mangum had not yet contested, let alone successfully challenged on constitutional or any other grounds, his guilty plea and conviction on the misdemeanor domestic violence charge. Only later did that occur. Under these circumstances, as the state correctly notes, Mangum's "domestic violence conviction enjoyed the [*McCann*] presumption of regularity throughout [his] probation term and until the [justice] court subsequently vacated the conviction." Because Mangum was "at the time of [his weapons] possession serving a term of probation pursuant to a [domestic violence] conviction," § 13-3101(A)(6)(d), the trial court did not err in denying his motion to dismiss the prohibited

10

possessor charge, despite the justice court's ultimately having vacated the underlying conviction on constitutional grounds before this case went to trial.

¶17        This conclusion, however, must be further reconciled with *McCann*. As noted earlier, the court there said that the state may use prior convictions as an element of a crime "only if constitutionally valid." 200 Ariz. 27, ¶ 17, 21 P.3d at 849. And, "[i]f the defendant presents some credible evidence to overcome the presumption [of regularity], the State must fulfill its duty to establish that the prior conviction was constitutionally obtained." *Id.* ¶ 15. We, of course, are not at liberty to disregard *McCann*. *See State v. Smyers*, 207 Ariz. 314, n.4, 86 P.3d 370, 374 n.4 (2004). But we find *McCann* distinguishable and not controlling here.

¶18        *McCann* involved a charge of aggravated driving under the influence of an intoxicant (DUI), not a prohibited possessor charge or other status offense. The aggravated DUI charge in *McCann* included as an element, and therefore required the state to prove beyond a reasonable doubt, prior DUI convictions. *See* A.R.S. § 28-1383(A)(2). In contrast, the crux of a prohibited possessor charge under § 13-3101(A)(6)(d), unlike subsection (b), is not a prior conviction, but rather, the defendant's probationary or other release status at the time of the weapons possession.

¶19        A pair of Hawaii cases illustrates this distinction. In *State v. Lobendahn*, 784 P.2d 872, 873 (Haw. 1989), the Hawaii Supreme Court interpreted a statute similar to § 13-3101(A)(6)(b) and concluded that, because the defendant's "status was that of a convicted

11

felon at the time he possessed the firearm and ammunition," "[s]uch possession was unlawful and the subsequent reversal of the [underlying] conviction does not then render such possession lawful." In a subsequent case that more closely parallels *McCann*, the Hawaii court concluded that the term "convicted" in that state's "habitual DUI" statute requires a showing of at least three "prior *valid* DUI conviction[s]." *State v. Shimabukuro*, 60 P.3d 274, 277 (Haw. 2002) (emphasis added). The defendant in that case, and at least implicitly the court, distinguished *Lobendahn* on the basis that the prohibited possessor statute at issue there "converts a lawful act (possessing a firearm and ammunition) into an unlawful act solely by reason of a person's status, whereas, 'by contrast, [Hawaii's habitual DUI statute] applies to the offense of driving while intoxicated, which is *per se* a criminal act.'" *Id*. at 276; *see also id.* at 277 n.11. Differentiating a prohibited possessor "status" offense from the habitual DUI charge at issue in *Shimabukuro*, the concurring justices (in what is essentially the majority opinion) also noted that the Hawaii legislature had "created an escalating sentencing scheme keyed to the defendant's degree of recidivism." *Id*. at 280 (Levinson, J., concurring). Under that scheme, the justices further observed, "actual culpability for a fourth DUI offense presupposed actual culpability for three prior DUI offenses." *Id.*

¶20         Arizona's aggravated DUI statute is similar in purpose and effect to Hawaii's habitual DUI law. The court's statement in *McCann* that "prior convictions may be used by the State only if constitutionally valid" was specifically made in the context of an aggravated

12

DUI prosecution, in which the number of prior DUI convictions directly affects the classification of and sentencing for the repeated offense. 200 Ariz. 27, ¶ 17, 21 P.3d at 849; *compare* A.R.S. § 28-1381(A), (C), (I), (K) (classifying DUI as class one misdemeanor and prescribing harsher sentence for second violation), *with* A.R.S. § 28-1383(A), (D), (E), (L) (classifying aggravated DUI as class four felony and prescribing increasingly harsher sentences for repeat offenders); *see State v. Cramer*, 192 Ariz. 150, ¶ 17, 962 P.2d 224, 228 (App. 1998) (purpose of aggravated DUI statute "is to impose greater punishment" on person who commits DUI in clear defiance of prior administrative orders). In addition, the court stated in *McCann* that its "holding [was] limited; it changes only the presumption that attaches to prior final judgments." 200 Ariz. 27, ¶ 16, 21 P.3d at 849.

¶21        In light of the court's limited holding and the context in which the court's other statements in *McCann* were made, we do not believe the court there intended to dictate the outcome on the much different issue posed here or to encompass all situations in which a prior conviction's existence is relevant only to establish one's probationary status. Nor do we have any reason to believe that the court in *McCann* implicitly rejected the views of the United States Supreme Court and most state courts that have specifically addressed the precise issue we face in cases that involved prohibited possessor status offenses. *See* ¶¶ 22-25, 30-32, *infra*.

¶22        In sum, *McCann* does not compel dismissal of the prohibited possessor charge in this case. And dismissal would have been inconsistent with not only federal case law but

13

also the majority view of other state courts. In *Lewis v. United States*, 445 U.S. 55, 56, 100 S. Ct. 915, 916 (1980), the United States Supreme Court addressed "the question whether a defendant's extant prior conviction, flawed because he was without counsel, . . . may constitute the predicate for a subsequent conviction under [the former federal firearms statute, 18 U.S.C. app.] § 1202(a)(1)" (1976).[5] Based primarily on the statute's clear language and "plain meaning," the Court concluded that "the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action." 445 U.S. at 60-61, 100 S. Ct. at 918. The Court "view[ed] the language Congress chose as consistent with the common-sense notion that a disability based upon one's status as a convicted felon should cease only when the conviction upon which that status depends has been vacated." *Id*. at 61 n.5, 100 S. Ct. at 918 n.5.

¶23 The Court in *Lewis* noted that the federal firearms statute contained "[n]o exception . . . for a person whose outstanding felony conviction ultimately might turn out to be invalid for any reason." *Id*. at 62, 100 S. Ct. at 919. Accordingly, the Court held that the statute "prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." *Id*. at 65, 100 S. Ct.

[5]That statute, enacted as part of the Omnibus Crime Control and Safe Streets Act of 1968, prohibited any person who "has been convicted by a court of the United States or of a State . . . of a felony" from possessing a firearm. The statute was repealed in 1986 by Pub. L. 99-308, § 104(b), 100 Stat. 459. The current federal firearms statute is codified at 18 U.S.C. § 922(g)(1), with an exception set forth in 18 U.S.C. § 921(a)(20).

14

at 921. In so holding, the Court distinguished three prior cases in which it had disallowed use of constitutionally invalid convictions "to impeach the general credibility of the defendant," to "sentenc[e] a defendant after a subsequent conviction," and to enhance "punishment under a State's recidivist statute." *Id*. at 59-60, 100 S. Ct. at 918, *citing Loper v. Beto*, 405 U.S. 473, 92 S. Ct. 1014 (1972); *United States v. Tucker*, 404 U.S. 443, 92 S. Ct. 589 (1972); *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258 (1967).

¶24 *Lewis* is factually distinguishable from this case, involved a federal statute, and "is not binding upon" our interpretation of Arizona's prohibited possessor laws. *State v. Portsche*, 606 N.W.2d 794, 801 (Neb. 2000); *see also State v. Gore*, 681 P.2d 227, 231 (Wash. 1984) (*Lewis* "is not controlling in our interpretation of a state statute"). But "the Supreme Court's interpretation of a similar federal statute is persuasive authority." 681 P.2d at 231; *see also In re Estate of Walton*, 164 Ariz. 498, 500, 794 P.2d 131, 133 (1990) ("Federal interpretations are 'persuasive' when Arizona courts interpret our state counterparts to federal statutes."); *Canady v. Prescott Canyon Estates Homeowners Ass'n*, 204 Ariz. 91, n.3, 60 P.3d 231, 233 n.3 (App. 2002) (when provisions of state statute "are virtually identical to those provisions of the federal Act, federal case authority is persuasive in interpreting Arizona's statute").

¶25 We find *Lewis* particularly persuasive for at least two reasons. First, just as "[t]he federal gun laws . . . focus[ed] not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons," 445

15

U.S. at 67, 100 S. Ct. at 922, the Arizona statute at issue here, § 13-3101(A)(6)(d), focuses on the release status of the defendant at the time of possession, not on the reliability of the underlying conviction that led to that status. Second, just as the Court in *Lewis* found "[n]o [statutory] exception . . . for a person whose outstanding felony conviction ultimately might turn out to be invalid for any reason," 445 U.S. at 62, 100 S. Ct. at 919, we similarly find no such exception in the Arizona statutes.[6] *Cf. Turk v. White*, 116 F.3d 1264, 1268 (9th Cir. 1997) (conviction for new offense affirmed when statutes "d[id] not require that the [predicate] conviction and sentence be a valid one" and "did not exclude invalid convictions").

¶26 Our supreme court in *McCann* did not cite or address *Lewis*, having had no reason to do so. In a more recent case, however, the court found some support in *Lewis* for its holding that "a dismissed indictment, like a reversed conviction, does not disqualify a defendant from mandatory probation" under Proposition 200, codified as A.R.S. § 13-901.01. *State v. Gomez*, 212 Ariz. 55, ¶ 2, 127 P.3d 873, 874 (2006); *see also id.* ¶¶ 29, 32. In so holding, the court in *Gomez* noted the long-standing rule that "when a defendant

---

[6]The Court in *Lewis* rejected as "extreme" any argument (not made by the government in that case) that the federal statute proscribed firearms possession by "even a person whose predicate conviction in the interim had been finally reversed on appeal and thus no longer was outstanding." 445 U.S. at 61 n.5, 100 S. Ct. at 918 n.5; *see also Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 115, 103 S. Ct. 986, 993 (1983); *State v. Gomez*, 212 Ariz. 55, ¶ 16, 127 P.3d 873, 876 (2006). In other words, the prohibited possessor charge in *Lewis* presumably would not have stood had the underlying, predicate conviction been reversed or vacated before the defendant committed the weapons offense. That, however, is not the situation presented in this case.

16

faces an increased sentence based on the fact of a prior conviction, the reversal of a conviction precludes its use to increase the defendant's sentence." 212 Ariz. 55, ¶ 15, 127 P.3d at 876. The prior cases, the court said, "indicate that a defendant 'has been convicted' of a prior offense for purposes of a sentencing enhancement only if, at the time of the later sentence, there is an existing conviction—not a prior conviction that has been reversed or vacated." *Id*.

¶27 For present purposes, two things stand out in *Gomez* and distinguish it from this case. First, *Gomez* essentially involved the effect of a prior, but dismissed, indictment for sentencing purposes. Like *McCann*, *Gomez* did not involve a prohibited possessor status offense and did not address the issue posed here. Second, the focus of the court's inquiry in *Gomez* was "the time of sentencing for the Proposition 200 drug offense." 212 Ariz. 55, ¶ 29, 127 P.3d at 878. As noted earlier, however, § 13-3101(A)(6)(d) focuses on "the time of possession" of a weapon.

¶28 Although the court in *Gomez* did not cite or discuss *McCann*, it did refer to *Lewis* and expressed no disagreement with the Supreme Court's analysis or conclusion. 212 Ariz. 55, ¶ 16, 127 P.3d at 876. As the court in *Gomez* noted, the *Lewis* Court "recognized that a federal statute prohibiting the possession of firearms by a person who 'has been convicted' of a felony does not apply if the predicate conviction has been reversed on appeal and is no longer outstanding." 212 Ariz. 55, ¶ 16, 127 P.3d at 876, *citing Lewis*, 445 U.S. at 60-61 and n.5, 100 S. Ct. at 918 and n.5. But that qualification to the holding in *Lewis*

17

clearly was limited to situations in which the defendant's prior conviction has been reversed or set aside *before* the defendant possesses a weapon. *See* n.6, *supra*. That is not the situation here. Therefore, as *Lewis* held and as the court in *Gomez* recognized, "a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of the disability by some affirmative action, such as a qualifying pardon." 212 Ariz. 55, ¶ 16, 127 P.3d at 876, *citing Lewis*, 445 U.S. at 60-61, 100 S. Ct. at 918.

**¶29** Federal courts, of course, are bound to follow *Lewis* and have done so. *See, e.g., United States v. Padilla*, 387 F.3d 1087, 1092 (9th Cir. 2004) (even when predicate felony conviction void ab initio, such conviction must be invalidated before felon takes possession of firearm; later relief will not invalidate felon-in-possession conviction); *Burrell v. United States*, 384 F.3d 22, 27-28 (2d Cir. 2004) (petitioner not entitled to relief when predicate felony conviction not set aside until after felon-in-possession conviction); *United States v. Marks*, 379 F.3d 1114, 1119 (9th Cir. 2004) ("The focus of the inquiry under [the federal firearms statutes] is whether someone has been convicted of a felony under state law, not whether that conviction is constitutionally valid, nor whether it may be used as a predicate conviction for subsequent state prosecutions."); *United States v. Wallace*, 280 F.3d 781, 784 n.1 (7th Cir. 2002); *United States v. Snyder*, 235 F.3d 42, 52-53 (1st Cir. 2000); *United States v. Kahoe*, 134 F.3d 1230, 1233-34 (4th Cir. 1998) (although "a conviction that has been set aside can no longer be disabling," a conviction is still "disabling between the time it was obtained and the time it was set aside").

¶30	In addition, although some out-of-state cases arguably support Mangum's position,[7] most state courts that have addressed issues similar to that presented here have followed the reasoning of *Lewis* and upheld prohibited possessor convictions even when the defendant's felon status was based on a constitutionally infirm predicate conviction. *See, e.g., Clark v. State*, 739 P.2d 777, 781 (Alaska Ct. App. 1987) (following *Lewis*, concluding "later reversal of [defendant's] former conviction was not a defense to the felon in possession charge," and noting legislature may "require that a person who has been convicted of a felony wait until that conviction has been reversed on appeal before being allowed to possess a concealable firearm"); *Reynolds v. State*, 712 S.W.2d 329, 331 (Ark. Ct. App. 1986) (concluding statute "prohibits a person convicted of a felony from possessing a firearm, regardless of the fact that the prior felony conviction is subject to collateral attack, and that this prohibition continues until the conviction is either successfully attacked and set aside, or a specific pardon is granted"); *People v. Harty*, 219 Cal. Rptr. 85, 87, 88 (Ct. App. 1985) ("the possible invalidity of an underlying prior felony conviction provides no defense to possession of a concealable weapon by a felon"; although a previously convicted

---

[7]*See People v. Quintana*, 707 P.2d 355, 360 (Colo. 1985) (holding "that a prior conviction obtained in violation of a defendant's constitutional rights cannot be used as the underlying conviction in a prosecution under Colorado's felon with a gun statute"); *State v. Portsche*, 606 N.W.2d 794, 796 (Neb. 2000) (defendant's "prior uncounseled conviction could not be used to establish that he was a convicted felon for purposes of [Nebraska's felon-in-possession statute]"); *State v. Gore*, 681 P.2d 227, 228 (Wash. 1984) (defendant's "conviction for being a felon in possession of a firearm must be vacated when his predicate felony conviction has been reversed for insufficient evidence").

19

felon may challenge the validity of the prior conviction in the court that entered that judgment, "he may not resort to self help by first obtaining and possessing [a] firearm, and thereafter try to assert the invalidity of the prior conviction as a defense to a [prohibited possessor] prosecution"); *State v. Lobendahn*, 784 P.2d 872, 873 (Haw. 1989) ("[Defendant's] status was that of a convicted felon at the time he possessed the firearm and ammunition. Such possession was unlawful and the subsequent reversal of the conviction does not then render such possession lawful."); *Small v. State*, 623 P.2d 1200, 1205 (Wyo. 1981) ("Whatever else may be said about the validity of a prior uncounseled felony conviction, constitutionally infirm, it is clear under *Lewis* that it is at least a valid conviction for purposes of a statute prohibiting the possession of firearms by a previously convicted and unpardoned felon.").[8]

---

[8]*See also State v. Watie*, 573 P.2d 1034, 1036 (Kan. 1978) ("[P]ossession of the type of firearm proscribed in [the] statute is prohibited to the defendant-appellant during the pendency of his appeal until such time as his conviction is set aside."); *State v. Williams*, 392 So. 2d 448, 450 (La. 1980) ("A person charged under [the prohibited possessor statute] cannot attack the predicate felony on collateral constitutional grounds."); *People v. Cornish*, 427 N.Y.S.2d 564, 567 (N.Y. App. Div. 1980) (following *Lewis* and denying motion to dismiss indictment when defendant, "before obtaining a firearm," failed to "obtain relief from a prior unconstitutionally obtained conviction"); *State v. Taniguchi*, 656 N.E.2d 1286, 1288 (Ohio 1995) (conviction "for having a weapon while under disability is not precluded when there is an acquittal on, or dismissal of, the indictment which had formed the basis for the charge of having a weapon while under disability"); *Bailey v. Lampert*, 125 P.3d 771, 775 (Or. Ct. App. 2005), *rev. allowed*, 136 P.3d 742 (Or. 2006) ("The prohibition against firearm possession in [Oregon's statute] focuses on a person's status as a convicted felon when he or she possesses a firearm, not on the subsequent validity of that status.").

¶31 Most if not all of those cases involved state statutes that broadly define one's prohibited possessor status based on prior felony convictions, as does § 13-3101(A)(6)(b), rather than on the more limited basis of release status, as does § 13-3101(A)(6)(d). Nonetheless, those cases support the trial court's ruling and our conclusion here. Illustrative of the majority view is *Clark*, in which the Alaska court stated:

> It appears to us that sound policy supports what we perceive to be the intent of the legislature. . . . We see no reason why the legislature would want to encourage a person who has formerly been convicted of a felony to gamble by possessing a concealable firearm, hoping that if he or she is arrested for being a felon in possession that he or she can defend against that offense by having the former conviction set aside.

739 P.2d at 781; *see also State v. Snyder*, 673 So. 2d 9, 10 (Fla. 1996) ("[T]he fact that the predicate conviction is pending on appeal is irrelevant to the legislative purpose of protecting the public by preventing convicted felons from possessing firearms."). By amending § 13-3101(A)(6)(d) in 2000 to include persons serving a term of probation on a misdemeanor domestic violence conviction, 2000 Ariz. Sess. Laws, ch. 143, § 1, the legislature apparently recognized similar concerns and manifested an intent "to protect not only the citizens of this state generally, but victims of domestic violence in particular," as the state argues.

¶32 The out-of-state cases typically involved a scenario in which the defendant's underlying conviction was reversed only after the prohibited possessor conviction. Here, in contrast, the justice court upheld Mangum's challenge and vacated his underlying domestic violence conviction before Mangum was tried on or convicted of the prohibited possessor

21

charge in this case. But we find such factual distinctions immaterial when, as here, the defendant's prior conviction was intact at the time of the illegal possession of a weapon, and that prohibition remained "until the conviction [was] vacated" or the disability was relieved in some other fashion. *Lewis*, 445 U.S. at 60, 100 S. Ct. at 918; *cf. State v. Cramer*, 192 Ariz. 150, ¶¶ 11, 16, 17, 962 P.2d 224, 227, 228 (App. 1998) (rejecting defendant's argument in aggravated DUI case that "the license revocation order was void because later post-conviction relief proceedings vacated the underlying reckless driving conviction," recognizing "distinction between a void judgment or order and one that is voidable," and concluding that "until ADOT vacated the revocation order, it was valid and binding and defendant was required to obey it").

¶33        *People v. Loomis*, 42 Cal. Rptr. 124 (Ct. App. 1965), more closely resembles our case on its facts and also supports our conclusion. In *Loomis*, the defendant was on probation for a prior conviction at the time he illegally possessed a weapon. *Id*. at 125. Before the defendant was charged with the weapons offense, a federal court set aside his prior conviction. *Id*. On that basis, the defendant argued "the California court [was] without jurisdiction to consider his federal conviction as anything but nonexistent." *Id*. The court in *Loomis* disagreed, noting that the defendant's "status at the time he possessed the gun is the critical issue," "[a]t that time he was a person who had been convicted of a felony," and "[h]is status after the date upon which he committed the offense here in question or at the time of trial is immaterial." *Id*. at 126.

22

¶34    As was true of the defendant in *Loomis*, at the time of his arrest on the prohibited possessor charge, Mangum had not even challenged, let alone obtained reversal of, his conviction on the misdemeanor domestic violence charge. In short, based solely on Mangum's probationary status at the time of his weapons offense, Mangum's "possession was unlawful and the subsequent reversal of the [underlying] conviction does not then render such possession lawful." *Lobendahn*, 784 P.2d at 873. For all of these reasons, the trial court did not err in denying Mangum's motion to dismiss the charge.

## II.

¶35    Our rejection of Mangum's primary argument also leads us to summarily dispose of his other contentions. The trial court did not violate Mangum's constitutional rights by failing to find that, but for the ineffective assistance of his counsel (IAC) in the underlying justice court proceedings, he would not have been on probation in July 2003. Nor did the court err by failing to dismiss this case on that basis. As noted above, the invalidity of Mangum's domestic violence conviction, regardless of the source or cause, is immaterial to the prohibited possessor charge here. Any IAC claims were raisable, and indeed were successfully urged, only in the justice court, where the ineffective assistance and domestic violence conviction occurred. *See* Ariz. R. Crim. P. 32.3, 32.4(a), 17 A.R.S. And appellate review of any justice court rulings generally is in superior court, not this court. *See* Ariz. Const. art. VI, § 16; A.R.S. §§ 22-371, 22-375; *State v. Holland*, 153 Ariz. 536, 538, 738 P.2d 1143, 1145 (App. 1987).

23

¶36         The trial court also did not err in denying Mangum's motion for judgment of acquittal pursuant to Rule 20, Ariz. R. Crim. P., 17 A.R.S., nor is the evidence insufficient to support the conviction. For reasons already explained, the state was not required to prove at trial that Mangum's prohibited possessor status remained unchanged after July 2003. On the relevant triable issues, Mangum's probation officer testified that, at the time he found weapons in Mangum's possession, "[h]e was on probation for a domestic violence disorderly conduct [conviction]." The officer also testified without objection that, "[i]n domestic violence cases, there's a statute that says they cannot have weapons" and that "in this case we are dealing with a domestic violence offense." Viewed in the light most favorable to sustaining the conviction, *State v. Garza*, 196 Ariz. 210, ¶ 2, 994 P.2d 1025, 1026 (App. 1999), that evidence was substantial and sufficiently supported the jury's verdict. *See id*. ¶ 3.

¶37         Finally, contrary to Mangum's arguments, the trial court did not commit constitutional error by precluding any evidence at trial on the reversal or invalidity of his domestic violence conviction or by failing to sua sponte instruct the jury "on his theory of the case regarding an invalid conviction." We agree with the state that these claims also are "based on the faulty premise that the State was required to prove the *ongoing* validity of [Mangum's] domestic violence conviction." Once the trial court ruled on the purely legal issue raised in Mangum's motion to dismiss the prohibited possessor charge based on the

24

invalidity of the underlying conviction, a ruling we now uphold on appeal, any evidence, argument, or jury instructions on that issue at trial were properly precluded as irrelevant.

**DISPOSITION**

¶38     Mangum's conviction, suspension of imposition of sentence, and placement on probation are affirmed.

_____
JOHN PELANDER, Chief Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge


_____
GARYE L. VÁSQUEZ, Judge